BRIDGET LALOR, Administratrix, etc.

*v.*

CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY.

| 52 | 401 |
| 27a | 353 |
| 52 | 401 |
| 34a | 320 |
| 52 | 401 |
| 146 | 626 |
| 52 | 401 |
| 191 | 1448 |
| 52 | 401 |
| 115a | 1618 |

1. MASTER AND SERVANT—*when the former is liable for injuries to the latter, occasioned by the negligence of his fellow servants.* Where a person in the employment of another, in the performance of a specific line of duty only ordinarily hazardous, is commanded by a fellow servant, but to whom he is so subordinate that he is compelled to obey his direction, to do an act in the same general service, but different from the sphere of employment in which he had engaged to serve, and extra hazardous in its character, and in respect to which the servant making the requirement knew he was unskilled and inexperienced, and in doing the same, the servant so directed receives injuries, occasioned by the negligence of another servant employed in the particular line of service in which the act was being done, the common employer will be liable to the servant so injured.

2. In an action against a railroad company, to recover, under the statute, for the death of a person, occasioned by the alleged negligence of the company, it was averred that the deceased was employed about the depot grounds

26—52ND ILL.

and freight house of the defendants, as a common laborer, specially for the purpose of loading and unloading the freight cars, at monthly wages, and for no other or different purpose; that while he was engaged in loading a freight car with pig iron, the deceased was ordered by the superintendent or foreman of the company, employed to manage, direct and superintend the business and affairs of the company about the depot, to couple and connect a freight car with other cars attached to a locomotive, contrary to the special engagement of the deceased, and to do which he was unversed and inexperienced, which fact was well known to the superintendent, and while so engaged, having to go between the cars for the purpose, the engine was so carelessly handled as to bring the cars together with great force, and while he was so between them, by means of which he was crushed to death: *Held*, the deceased using due care and caution while coupling the cars, the company was liable.

3. PLEADING—*of the proper averments in the declaration in such case.* In such case, the declaration should contain an averment that deceased, while coupling the cars, used due care and caution.

APPEAL from the Circuit Court of Cook county; the Hon. E. S. WILLIAMS, Judge, presiding.

This was an action on the case under the statute, brought by the appellant, Bridget Lalor, as widow and administratrix, against the appellees, the Chicago, Burlington and Quincy Railroad Company, for the killing of her husband, Joseph Lalor. A general demurrer was interposed to the declaration, and sustained by the court.

Mr. JNO. J. McKINNON, for the appellant .

Messrs. WALKER & DEXTER, for the appellees.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

Appellant's counsel is perfectly right in contending, that the principle involved in this case has never before been discussed, or decided by this court.

In our judgment, the cases on which appellees rely, *Honner* v. *Ill. Cent. R. R. Co.* 15 Ill. 550, and *Ill. Cent. R. R.*

*Co.* v. *Cox*, 21 ib. 20, are not analogous.     In the first case cited, the plaintiff was engaged with his fellow servants in the same grade of employment, in working at a turn-table with iron bars, one of which broke and injured him.

In the other case, the deceased was an employee on the car, engaged in a common business with the other servants.

The declaration in this case alleges that the deceased was employed about the depot grounds and freight house as a common laborer, specially for the purpose of loading and unloading the freight cars, at monthly wages, and for no other or different purpose whatever; that while he was engaged in loading a freight car with pig iron, the deceased was ordered by the superintendent or foreman of the company, employed to manage, direct and superintend the business and affairs of the company about the depot, to couple and connect a freight car with other cars attached to a locomotive, contrary to the special engagement of the deceased, and to do which he was unversed and inexperienced, and which fact was well known to the superintendent, and while so engaged, having to go between the cars for the purpose, the engine was so carelessly managed as to bring the cars together with great force, and while he was so between them, by means of which he was crushed to death.

The demurrer admits these facts, and they make a strong case for the appellant; not like the cases cited by appellee, *supra*, they show a case of a person injured while engaged in a sphere of employment, and under the command of his superior, different from the one in which he had engaged to serve. In entering upon his engagement, the deceased may be presumed to have known the perils, usually and necessarily incident to such service, and made his contract accordingly. So, in this case, the deceased engaged to perform work only ordinarily hazardous; he was compelled to do other work extra-hazardous, by which he lost his life, the superintendent knowing he was unskilled and unacquainted with the manner of doing such work, when he ordered deceased to perform it.     Admitting

the deceased was in the same general service as the superintendent, his sphere, however, was a special one, and so subordinate as to compel him to yield implicit obedience to the command of the superintendent. The company was constructively present, by and through this officer, and must be charged accordingly. It was, then, by the direct command of the company, the deceased was exposed to this peril, and one out of the line of the business he had contracted to perform. He was killed by the negligence of the driver in charge of the locomotive, while thus exposed. The law would be lamentably deficient, did it furnish no remedy in such a case. None of the cases cited come up to the facts admitted by the pleadings in this case. Those cases, for the most part, proceed upon the ground, that, being fellow servants, engaged in the same service, a recovery can not be had for an injury to one so situated, against the common employer; that the doctrine of *respondeat superior* does not apply.

We place this case on the ground of misconduct of the company in exposing the deceased to this peril, and when so exposed, in so carelessly mismanaging the engine as to cause his death. It is needless, in this view, to consider or comment upon the numerous cases cited. None of them meet this case.

It may not be improper to remark there is a defect in the declaration, on which, however, no point has been made, and that is, the absence of an averment that deceased, while coupling the cars, used due care and caution. As the judgment must be reversed, and the cause remanded, the plaintiff can amend in this particular, should her counsel deem it necessary.

For the reasons we have given, the judgment is reversed and the cause remanded.

*Judgment reversed.*