## HOGAN v. NORTHERN PAC. R. CO.

(Circuit Court, D. Montana. November 28, 1892.)

**MASTER AND SERVANT —NEGLIGENCE—PERSONAL INJURIES—SCOPE OF EMPLOYMENT.**

A railroad employe of mature years and long experience, who is injured while coupling cars in obedience to the orders of his immediate superior, cannot recover merely because that duty is outside the scope of his employment, when he makes no objection to performing it, and there is no threat of dismissal in case of refusal. Miller v. Railroad Co., 17 Fed. Rep. 67, distinguished. Jones v. Railway Co., 14 N. W. Rep. 551, 49 Mich. 579, disapproved.

At Law. Action by Thomas Hogan against the Northern Pacific Railroad Company for damages for injuries sustained while coupling cars, which was outside the scope of his employment by defendant. On motion to instruct the jury to find for defendant. Granted.

Elbert D. Weed, for plaintiff.

W. E. Cullen and Sydney Fox, for defendant.

KNOWLES, District Judge, (orally.) In considering the motion presented by the defendant asking the court to instruct the jury to find a verdict for the defendant, I have considered most of the authorities presented by both plaintiff and defendant in the argument of the motion. In the case of Miller v. Railroad Co., 17 Fed. Rep. 67, the plaintiff was an employe of the company. By order of the company, he was to be transported from the coal mine to a station on the railroad. A push car was used as a means of transportation. The plaintiff went upon the same for the purpose of being so transported. It was claimed that the car, having no brakes, was dangerous, and it was extrahazardous to ride on the same; that, therefore, Miller, the plaintiff, should not have entered upon the same for that purpose; and that he was guilty of contributory negligence in so doing. The court left this question to the jury, and in his instructions he charged it as to the duty of the master towards the servant, and said:

"If the master or other servant, standing towards the servant injured in the relation of superior or vice principal, orders the latter into a situation of greater danger than the ordinary course of his duty, which he would have incurred, and he obeys, and is thereby injured, the master is liable, unless the danger is so apparent that to obey would be an act of recklessness."

This language must be considered in connection with the facts in that case. The instructions cover a case coming under the rule that the master must furnish the servant a safe place to work, and give him suitable machinery, etc., and, where he is to be transported, safe means of transportation, and does not apply to a case like this at all.

In the case of Gilmore v. Railroad Co., 18 Fed. Rep. 866, the plaintiff was hurt by an explosion of giant powder, being thawed before an open fire. This was held to be a negligent way of thawing such powder. Gilmore was ordered to assist in doing it by the boss of the gang, Cortin. The court, in its opinion, says: "The plaintiff is comparatively an unskilled man, from the humbler walks of life, and appears to have been altogether ignorant of the dangers incident to thawing giant powder in this manner." The principal question considered was as to whether the boss of the gang was what was termed a "vice principal," which placed him in the position of master. Considering this question, there are some expressions indulged in by the court which favor the position of the plaintiff, but they should be considered with reference to the facts of the case, and not as applicable to other cases. In considering these remarks favorable to the plaintiff, the fact that Gilmore was an unskilled man, unacquainted with the danger incident to the thawing out of powder, should be considered. He was ordered to perform a duty which was extrahazardous, and the danger which he incurred was unknown to him, and it appears it was known to the boss of the gang, and that he did not notify Gilmore of the danger incurred in so thawing out such powder.

In the case of Railway Co. v. Bayfield, 37 Mich. 205, we find that the person injured was one Williams, a lad of 17. The court says: "As bearing upon the question of liability, special stress was placed by plaintiff on the youth, weakness, and inexperience of Wiliams," who was killed; and, after discussing other questions, the court comes to the question presented in this case, and says:

"This principle (being one stated before) may be applicable even where the risks are apparent, and fully open to observation, provided the servant, from his youth and inexperience, or other cause, is incapable of fully understanding and appreciating them." And again: "Now, in this case, the servant was inexperienced," etc., "and, although the extra risk was apparent from this cause, the risk was not upon his shoulders." The decision in this case should also be considered in reference to the facts that were presented. An inexperienced youth, unacquainted fully with the danger he incurred, was ordered to perform a duty by a master who fully understood the risks the servant was taking.

The case of Jones v. Railroad Co., 49 Mich. 579, 14 N. W. Rep. 551, appears to be based upon the case of Railroad Co. v. Bayfield, but the facts in the two cases are different. This case does seem to support the contention of the plaintiff in this case. Cooley, J., did not fully agree with the opinion of the court expressed therein, and said he did not think that the facts showed that the plaintiff was wrongfully sent on the duty in the performance of which he was injured. In that case the plaintiff was hired as a passenger brakeman, and was required to do some switching and coupling of cars. This was a duty, under his contract of employment, he was not required to do. The case is not fully reasoned out, and, in my judgment, is not sustained by the decision cited as supporting it, or the authorities generally. There is one thing to be noticed concerning the same, and that is, there is nothing to show that the plaintiff in that case knew the business of coupling cars, or had any knowledge of the dangers incident to it. The case is reviewed in Leary v. Railroad Co., 139 Mass. 586, 2 N. E. Rep. 115. Judge Devens says that the plaintiff was injured on account of his inexperience, and that that decision was based upon that fact. It is evident that that distinguished jurist in the last case mentioned does not fully sustain the views therein expressed, and I think the case in 139 Mass. and 2 N. E. Rep. may be considered as a direct authority opposed to that case.

The case of Cole v. Railway Co., 71 Wis. 114, 37 N. W. Rep. 84, is one certainly opposed to the general doctrine expressed in the case of Jones v. Railroad Co., supra. That case is almost on all fours with the case at bar. The plaintiff in that case was a foreman in charge of a gang of men engaged in bridge work. He was requested by a superior to do certain switching and yard work at Fond du Lac, Wis. He was injured by his glove catching, and his hand permanently injured. After a review of many cases, among them Jones v. Railroad Co., the court says:

"All we decided in this case is that, when an employe of mature years, and of ordinary intelligence and experience, is directed to do a temporary work outside of the business he is engaged to do, and consents to do said work without objection, on account of want of knowledge, skill, or experience in doing said work, negligence of the employer cannot be predicated upon that state of facts."

This view is sustained by many authorities. Some of them will be found collected in a note No. 5, commencing on page 859, 14 Amer. & Eng. Enc. Law. In regard to the opinion referred to as having been

rendered by Judge Deady, (Gilmore v. Railway Co., 18 Fed. Rep. 866, on page 870,) I will say that if Judge Deady meant, (as I doubt,) to express the opinion that when an employe was ordered to do work outside of his employment, and was injured, the company was liable, from that very fact I do not think his view of the law is sustained by modern authorities.

In this case the plaintiff had been in the employ of different railroad companies for nearly 12 years. He was a man of mature years. He was acquainted with the dangers incident to the coupling of cars. He had at times, when necessity demanded, performed such work. When ordered to perform that work, which, under the evidence, was undoubtedly outside of his ordinary employment, he made no objections, but says that he performed the duty under the fear that, if he refused to do it, he would be discharged by his immediate superior, the road master. It does not appear that he made any objections to the performance of this duty, or that the road master made any threats to discharge him unless he performed it. The plaintiff, with other employes of the company, was engaged in clearing a wreck of a train of railroad cars from the track of the defendant. There were no brakemen present whose duty it was to perform the work performed by plaintiff. When ordered to bring up the derrick car, he immediately started to perform the duty. In order to bring up the derrick car it was necessary for him to act as coupler in connecting the tender to the same, and he was injured in so doing. He stated at the time that no one was in fault but himself. The question here presented is one that does not apply to the railroad company only. If a merchant who had suddenly been called upon to attend to some unexpected business, should order his bookkeeper or one of his clerks to drive a horse and buggy, in which was his wife, to his residence, and the horse should run away, and the employe should be injured, I hardly think that he should be entitled to damages if the master was without fault, merely because he was performing a service for which he was not employed. And I might enumerate many other incidents of the same kind.

Wood on Master & Servant, § 89, lays down the rule that there are services that an employe may be required to perform that are outside of his contract of employment, which will not break that contract. I have no doubt that many employes of a railroad company, in times of emergency, are called upon to perform many acts which are outside of their regular employment. The engineers and firemen work in clearing away wrecks, and in helping to put cars upon the track, and, where this work is done without objection, and a party so engaged is injured, without any actual negligence on the part of the company, I do not think the company should be liable. The motion to instruct the jury to find a verdict for the defendant is sustained.