FREDERICK BALL, PLAINTIFF IN ERROR, v. RANSOME CONCRETE MACHINERY COMPANY, DEFENDANT IN ERROR.

Argued June 27, 1907—Decided November 18, 1907.

A carpenter was working on a scaffold on the side of a building which was being constructed by its owners. Within the building was a traveling crane running upon iron rails near the roof. He was engaged in placing and nailing joists in the side of the building. From the scaffold he was unable to nail the top of a joist. He stepped upon a studding in the side of the building and assumed a position which required him to support himself by his left hand. In doing so he placed that hand on the rail and it was injured by a wheel of the traveling crane. *Held*, that on an action to recover damages for that injury, he was properly nonsuited because of his assumption of an obvious risk, there being nothing in the circumstances to indicate that he had a right to rely on notice of the movement of the crane. *Held, also*, that the nonsuit may be supported on the ground that the circumstances proved did not impose any duty on the part of the defendant to the plaintiff working on the side of the building, in respect to the movement of the crane on the inside of the building.

On error to the Supreme Court.

For the plaintiff in error, *Herbert Clark Gilson.*

For the defendant in error, *Gilbert Collins* and *George S. Hobart.*

The opinion of the court was delivered by

MAGIE, CHANCELLOR. The writ of error brings up a judgment of the Supreme Court upon a *postea,* from which it appears that, upon a trial of an issue, the trial judge, at the close of the evidence put in on behalf of the plaintiff, directed a nonsuit. The motion to nonsuit was made upon several grounds, but the bills of exception show that the trial judge directed the nonsuit upon a single one.

The action in which this course was taken was brought by plaintiff to recover from the defendant company damages for

an injury to his hand by its being run over by a wheel of a traveling crane. When the injury was received plaintiff was in the employment of one Hammerquist, and working under his direction as a carpenter in the completion of a building, the property of the defendant company. Hammerquist had been employed by that company to do the carpenter work, and he had employed plaintiff. The building had proceeded toward completion, so that the roof was on and they were beginning to cover the sides. Plaintiff lived in the neighborhood, and was familiar with the circumstances. He was employed and went to work on a Saturday afternoon. He resumed work on Monday morning, and shortly after was injured.

The building contained a traveling crane, used for the purpose of moving heavy machinery. It ran upon wheels upon iron rails, supported by beams, near the roof. Plaintiff was familiar with the operation of the crane by observation, and by seeing it move during the short time that he had been employed on the building.

At the time he was injured he was working upon a scaffold, and was aiding others in placing joists on the unfinished side of the building, upon which the covering of the side was to be placed. Having to nail the top of a joist at a point which, it may be assumed, he was unable to reach while standing on the scaffold, he, without raising the scaffold, or using other means to raise himself so as to perform the work without danger, stepped upon a studding above the scaffold, and there, it may be assumed, occupied a position that required him to support himself, to some extent at least, with his left hand. In doing so he placed that hand on the top of the rail, and the traveling crane then moving, his hand was caught under one of the wheels and injured. There was no signal given of the intention to move the crane.

Upon this evidence the trial judge determined that the plaintiff showed that he had, by his conduct, subjected himself to a risk of injury which was perfectly obvious, and which he could not thus encounter without negligence.

In that conclusion we concur. It is impossible to conceive

that plaintiff did not know that the rail was a place of danger for him to put his hand upon. Nor was there anything to justify him in thinking that the crane would not move without notice, which might have presented a question for the jury. In that respect it differs entirely from the cases of *Hardy* v. *Delaware, Lackawanna and Western Railroad Co.,* 30 *Vroom* 35, 562, and *Albanese* v. *Central Railroad Co.,* 41 *Id.* 241, in which cases the circumstances might justify the inference that the injured persons, in taking a position of risk, could rely upon a warning being given so that they might withdraw from the dangerous position before they could be endangered, they having been employed to do work which was dangerous to do. The case of *Harmer* v. *Reed Apartment Co.,* 39 *Id.* 332, also differs, for in that case the jury might well find that the injured person might rely on the giving of notice to him, because such notice had been customarily given. In the case before us no custom to give notice appeared, and there is nothing to indicate that the defendant company could have anticipated that the carpenters, working on the scaffold on the side of the building, would occupy any position in which the movement of the crane, on the inside of the building, would put them in danger. There is nothing tending to show that the defendant company owed a duty to workmen so employed to give notice of the movement of the crane.

The nonsuit might well have been granted on the ground that upon the evidence there was not disclosed any duty imposed on the defendant company to workmen on the side of the building in respect to the movement of the traveling crane inside of the building.

The judgment must be affirmed.

*For affirmance*—MAGIE, CHANCELLOR, THE CHIEF JUSTICE, GARRISON, HENDRICKSON, PITNEY, SWAYZE, REED, TRENCHARD, BOGERT, VREDENBURGH, VROOM, GREEN, GRAY, DILL, J.J.   14.

*For reversal*—None.